**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

May 14, 2007

Shawn Gerlach, # 528616
Northern State Prison
168 Frontage Road
P.O. Box 2300
Newark, NJ 07114

Lori A. Dvorak, Esq.
Dvorak & Associates, LLC
390 George Street
New Brunswick, NJ 08901

   Re: **Gerlach v. Snee, et al.**
      **Civil Action No.: 06-0881 (JLL)**

Dear Parties:

  This matter comes before the Court on Defendants Detective Michael J. Snee, Sergeant Spanola, Detective Higgins, Detective Mazalewski, Detective William Volkert and Detective Lopez' (collectively "Defendants")[1] Motion to Dismiss Plaintiff Shawn Gerlach's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion was decided without oral argument. Fed. R. Civ. P. 78. For the reasons set forth in this Letter Opinion, Defendants' motion to dismiss is denied.

**I. Factual and Procedural Background**

  Plaintiff, proceeding pro se, alleges that on January 5, 2004, Defendants searched Plaintiff's home, pursuant to a warrant obtained by Defendant Snee, after he knowingly furnished false information in the affidavit supporting the warrant. (Compl., Count One, ¶¶ 13-14; Count Six, ¶ 62). As a result of this search, the Complaint alleges that Plaintiff was arrested without probable cause.

---

  [1] The Court notes that Plaintiff has not identified the first names of Sergeant Spanola, Detective Higgins, Detective Mazalewski and Detective Lopez, nor have Defendants provided same.

(Compl., Count Two, ¶ 21; Count Seven, ¶ 66).

Thereafter, according to Plaintiff, Defendants provided false information to the prosecutor, persuading him to file criminal charges against Plaintiff. (Compl., Count Three, ¶¶ 27-28). Those charges were later dismissed. (Compl., Count Three, ¶ 30). Plaintiff further alleges that Defendants reported news of Plaintiff's arrest to certain local newspapers, including the Star Ledger and the Home News Tribune, which in turn, published a report indicating same. (Compl., Count Four, ¶33).

Plaintiff filed the instant Complaint on February 27, 2006, claiming that Defendants, "individually and jointly . . . have, under the color of state law, subjected the plaintiff to the deprivation of rights, privileges and immunities in violation of 42 U.S.C. § 1983."[2] In particular, Plaintiff asserts claims for unlawful search in violation of the Fourth Amendment, arrest without probable cause in violation of the Fourth Amendment, malicious prosecution in violation of the Fourth Amendment, and state law claims for invasion of privacy, libel, trespass, and false arrest. Plaintiff seeks compensatory and punitive damages.[3]

## II.    Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). The question is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. Dismissal under Rule 12(b)(6) is not appropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340, 346 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Third Circuit has further noted that courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir.1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. In re Nice Sys., Ltd. Sec. Litig., 135 F.Supp.2d 551, 565 (D.N.J. 2001).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers, "and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp. 2d 422, 429 (D.N.J.1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir.2000). With this framework in mind, the Court turns now to Defendants' motion to dismiss.

---

[2] Jurisdiction is premised on 28 U.S.C. § 1331.

[3] Plaintiff's application for pro bono counsel was denied by Magistrate Judge Claire C. Cecchi on May 2, 2007. See CM/ECF Docket Entry No. 17.

**III.     Legal Discussion**

    **A.     Statute of Limitation**s

Defendants argue that all of Plaintiff's claims are time-barred.[4] However, the legal arguments contained in the moving brief pertain only to Plaintiff's section 1983 claims. Thus, the Court will continue only with an analysis of whether any of Plaintiff's section 1983 claims are time-barred.

Defendants urge the Court to borrow the state statute of limitations for personal injury actions in considering Plaintiff's section 1983 claims. (Def. Br. at 1). The Court agrees that there is no established statute of limitations for claims pursuant to 42 U.S.C. § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985). As such, courts must apply the state law statute of limitations pertaining to personal injury actions. See id., 471 U.S. at 280. Accordingly, the New Jersey two-year statue of limitations for personal injury causes of action, N.J.S.A. § 2A:14-2, must be applied to Plaintiff's section 1983 claims. See Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

Defendants argue that Plaintiff's cause of action is untimely in that the constitutional violations occurred on January 5, 2004, and Plaintiff filed his Complaint on February 27, 2006. "As such, his complaint was filed more than two years after accrual of his cause of action." (Def. Br. at 2). While Defendants apparently dedicate much of their three-page brief to stating the purpose of statutes of limitations, the principle considerations behind statutes of limitations, and the overall importance of statutes of limitations, notably absent from Defendants' recitation in this regard is a detailed discussion of the facts and an analysis of the law as to why and how the different theories

---

[4]

Although Defendants move solely on the basis that each of Plaintiff's claims are time-barred, in their reply brief, Defendants raise the novel argument that Plaintiff failed to plead a prima facie claim of malicious prosecution. A moving party may not raise new issues in a reply brief that it should have raised in its initial brief, particularly since Plaintiff was not given an opportunity to respond to same. See, e.g., Bayer AG v. Schein Pharm., 129 F. Supp. 2d 705, 716 (D.N.J. 2001), aff'd 301 F.3d 1306 (3d Cir. 2002) (striking section of reply brief which raised new issues because opposing party "has no opportunity to respond to newly minted arguments contained in reply briefs."). Therefore, the Court need not consider Defendants' argument that Plaintiff has failed to plead a prima facie case as to its malicious prosecution claim. (Def. Reply Br. at 1).

Even if the Court were so inclined as to consider this argument, this argument nevertheless fails. First, although arguing that the body of the Complaint is deficient because it "does not recite the elements of this claim," Defendants, themselves, fail to provide the Court with the specific elements of same. Secondly, despite arguing that "Plaintiff has not pled facts sufficient to state a cause of action for malicious prosecution," Defendants fail to provide any explanation for this position, and likewise fail to provide any legal authority, whatsoever, in support of same. To the extent that Defendants invite the Court to fill in the gaps in its submission, the Court declines to do so.

of liability alleged by the Plaintiff are all time-barred, or conversely, some are barred and some are not. In particular, Defendants fail to indicate why they believe that the limitations period for each of Plaintiff's section 1983 claims began to run on January 5, 2004.[5] Not only do Defendants fail to provide any explanation or analysis as to why the Court should construe the limitations period of all of Plaintiff's section 1983 claims as beginning to run on January 5, 2004, but they also fail to cite to a single legal authority in support thereof, thus leaving it up to the Court to decipher what Defendants' potential arguments and corresponding authority would be for their position. This the Court declines to do.

Thus, Defendants' cursory treatment of all claims as automatically time-barred, without providing the Court with the aforesaid comprehensive legal analysis in support of same gives the Court no way of assessing which claims, if any, are in fact time-barred.[6] As a result, Defendants' motion to dismiss is denied. Inasmuch as Defendants may wish to reassert these arguments more fully after discovery is completed and the facts more fully ascertained, the motion is denied without prejudice.

**IV.  Conclusion**

For the reasons stated above, Defendants' motion to dismiss is denied. An appropriate Order accompanies this Opinion.


DATED: May 14, 2007                                 /s/ Jose L. Linares
                                                     JOSE L. LINARES,
                                                     UNITED STATES DISTRICT JUDGE

---

[5] For example, Plaintiff argues that "the two year time limit begins when the State Prosecutor officially ended the criminal case in march [sic] of 2004 and does not begin in January of 2004 as the issues and matters were still pending before the court and the criminal case was still pending." (Pl. Opp'n Br. at 2). Defendants' reply brief provides no response to same.

[6] For instance, ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding. Heck v. Humphrey, 512 U.S. 477, 489 (1994).